UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| SARAH LEMASTER LIVERS, *Administratrix of the Estate of* **James Lemaster**, <br><br> **Plaintiff,** <br><br> V. <br><br> **STROHWIG INDUSTRIES, INC. and AMERICAN DRILL BUSHING LLC,** <br><br> **Defendants.** | CIVIL ACTION NO. 5:22-cv-211-KKC <br><br><br> **OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motions for summary judgment (DE 67) and to exclude certain testimony by Plaintiff's expert Paul Sweeney (DE 60) filed by defendant Strohwig Industries, Inc.

### I. Motion for Summary Judgment

Defendants are entitled to summary judgment if, under the undisputed facts and the plaintiff's version of any material disputed facts, defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Davenport v. Causey*, 521 F.3d 544, 546 (6th Cir. 2008); *Rimco, Inc. v. Dual-Tech, Inc.*, No. 3:21-CV-313, 2022 WL 4545608, at *1, n.1 (E.D. Tenn. Sept. 28, 2022) ("As required, this Court accepts undisputed facts as true. In deciding a motion for summary judgment as to which the parties dispute any material facts, the Court must view the disputed evidence in the light most favorable to the party responding to the motion—here, Plaintiff—and draw all reasonable inferences in that party's favor.")

Accordingly, for purposes of this motion, the Court has considered the material facts that the parties agree to and has considered the plaintiff's version of any material facts that the parties dispute. In response to Strohwig's motion, Plaintiff states she "generally agrees with" the following facts set forth in Strohwig's motion for summary judgment. (DE 68, Response at 2.) In the response, Plaintiff does not dispute any of these facts.

> This matter arises from the tragic death of James Lemaster, a technician employed by Orbis Corporation at the company's manufacturing plant in Georgetown, Kentucky. (DN 1-1, p. 3). Mr. Lemaster's job duties involved fitting industrial molds for filling and pressing to produce various made-to-order plastic hardware. *Id.* at 3. On August 12, 2021, Mr. Lemaster was operating a hoist crane to lift and move a large mold encased within a mold fixture. *Id.* The crane was hooked onto the mold fixture with a swivel hoist ring manufactured by Defendant American Drill Bushing ("ADB"). *Id.* While the mold and mold fixture were suspended twenty feet above ground, ADB's swivel hoist ring failed causing the mold and fixture to fall. *Id.* Mr. Lemaster was struck by the falling mold and fixture, and he was killed on impact. *Id.* Plaintiff filed the instant lawsuit on behalf of Mr. Lemaster's estate and alleges that the fatality was the result of negligence on the part of ADB and/or Defendant Strohwig Industries, Inc. ("Strohwig"). *Id.* at 4-5.
>
> Although it was initially plead[ed] that a mold was contained inside of the mold fixture and they were being lifted together at the time of the subject accident, the parties now understand that no mold was attached to the mold fixture (hereinafter the "lifting bracket" or "lifting fixture"). (Deposition of Dylan Martin at 59; attached as Ex. 1). Defendant Strohwig is the manufacturer of the subject lifting bracket.
>
> On August 12, 2021, two Compliance and Safety Health Officers with the Kentucky Labor Cabinet performed an inspection and prepared an accompanying inspection report regarding the accident. (DN 59-1 at 3). The Compliance and Safety Health Officers concluded they "were unable to determine the cause of the lifting fixture's failure." *Id.* at 4. Following the Kentucky Labor Cabinet inspection, and at the request of Orbis, the subject lifting bracket was shipped to Strohwig for repairs in October of 2021. (Deposition of Scott

> Biertzer at 65; attached as Ex. 2) (See also Strohwig's Responses to Plaintiff's Request for Production of Document at 8; and Document Production Bates Stamped STROHWIG 000207-000209 attached as Ex. 3). On December 27, 2021, OSHA metallurgist Daniel Crane conducted an inspection of the subject swivel hoist ring, concluding that the American Drill Bushing swivel hoist ring broke due to tensile failure. (DN 59- 1 at 4).

Plaintiff asserts claims against Strohwhig and American Drill for strict liability, breach of warranty, and negligence.

On this motion, the parties indicate there are two main parts at issue: the swivel hoist ring manufactured by American Drill and the mold fixture manufactured by Strohwig, which Strohwig sometimes also refers to as the "lifting bracket" and "lifting fixture." (DE 67-1, Mem. at 2.) For consistency's sake, the Court will refer to this part as the lifting bracket in this opinion.

In its motion for summary judgment, Strohwig argued there is only evidence that American Bush's swivel hoist ring was defective, and there is no evidence that Strohwig's lifting bracket was defective. Strohwig asserted that it was the "swivel hoist ring [that] failed causing the mold and fixture to fall." (DE 67-1, Mem. at 1.) It asserted that "OSHA Metallurgist Daniel Crane conducted an inspection of the subject swivel hoist ring, concluding that the American Drill Bushing swivel hoist ring broke due to tensile failure." (DE 67-1, Mem. At 2.) Strohwig argued that it was entitled to judgment in its favor because "[b]oth Plaintiff and [Plaintiff's expert] Mr. Sweeney have admitted that there is no evidence of Strohwig's lifting bracket playing a role in the failure of the swivel hoist ring which caused the lifting bracket to fall upon the decedent." (DE 67-1, Mem. a4t 3.)

In her response, Plaintiff agrees that the swivel hoist ring manufactured by American Drill "failed causing the fixture to fall on Mr. Lemaster." (DE 68, Response at 2.)

3

Plaintiff states that Strohwig and Plaintiff's expert Sweeny both agree on this. Plaintiff also agrees that expert proof would be required to show that the lifting bracket caused Lemaster's death, and she agreed that there is no such expert evidence in this case. (DE 68, Response at 8.)

Plaintiff argues, however, that Strohwig is nonetheless liable under *Kanawha Steel & Equipment Company v. Dorsey Trailers, Inc.*, 856 F.2d 780 (6th Cir. 1988) because Strohwig is the "ultimate manufacturer" of the lifting bracket. (DE 68, Response at 9.) She argues that the swivel hoist ring was "a component part of the Strohwig lifting bracket." (DE 68, Response at 8.)

In *Kanawha Steel*, the rear set of wheels on a trailer broke loose and collided with two trucks traveling nearby. The plaintiffs in that case asserted strict liability and negligence claims against the trailer manufacturer and the manufacturer of the suspension assembly that was incorporated into the trailer by the trailer manufacturer. The district court found that the suspension part in the trailer "was inordinately susceptible to fatigue failure" and "it was this type of failure which caused the wheels to break away and the subsequent accident." *Id*. at 782. Plaintiff here seems to rely on the Sixth Circuit's statement in *Kanawha* that "under Kentucky law both [the trailer manufacturer and suspension assembly manufacturer] are strictly liable for physical or property damages caused by the defect in the trailer which existed when the trailer entered the stream of commerce, and which made the trailer unreasonably dangerous. . . ." *Id*. at 783.

If both manufacturers are found liable, then the manufacturer who incorporated the defective part into its product may seek indemnification from the manufacturer of the defective part. *Id*. ("Where a person has supplied to another a chattel which because of the supplier's negligence or other fault is dangerously defective for the use for which it is

4

supplied and both have become liable in tort to a third person injured by such use, the supplier is under a duty to indemnify the other for expenditures properly made in discharge of the claim of the third person.")

In its reply brief, Strohwig does not address this argument. It does not dispute that the swivel hoist ring was "a component part of the Strohwig lifting bracket." (DE 68, Response at 8.) Nor does it dispute that, if the swivel hoist ring was defective, then Strohwig can be held liable because the hoist ring was a component part of the lifting bracket that Strohwig manufactured.

Instead, in its reply brief, Strohwig asserts arguments that it did not make in its motion for summary judgment. Despite repeatedly arguing in its motion for summary judgment that it was the swivel hoist ring that was defective and caused Lemaster's death, Strohwig argues in its reply brief that Plaintiff has "failed to show that a defect existed in the subject hoist ring, or that the hoist ring that allegedly broke was the one shipped with the subject fixture." (DE 69, Reply.)

"[A]rguments raised for the first time in a reply brief are generally not considered because such a practice deprives the non-moving party of its opportunity to address the new arguments." *Cooper v. Shelby Cnty., Tenn.*, No. 07-2283-STA-CGC, 2010 WL 3211677, at *3 (W.D. Tenn. Aug. 10, 2010) (citing Sixth Circuit and district court cases.)

Accordingly, the Court will deny Strohwig's motion to the extent that it requested that judgment be entered in its favor on Plaintiffs' strict liability and negligence claims.

In her response, Plaintiff concedes that she cannot assert a breach of warranty claim. Accordingly, that claim will be dismissed.

5

## II. Motion to Exclude Sweeney

Strohwig filed a motion to exclude certain testimony by Plaintiff's expert Paul Sweeney, a mechanical engineer (DE 60). Strohwig objects to Sweeney's statements alleging that Strohwig and American Bushing are aware of why the lifting bracket failed but are intentionally not disclosing that information. These statements are:

- I do believe that [Strohwig and American Bushing] are fully aware of the cause(s) of the failure and have decided to not share this information. (DE 59-1, Sweeny Report at 1.)
- It is troubling that [there] was no information made available . . . as to the cause of the failure by Strohwig, American Drill Bushing, and Orbis. . . [I]t would seem reasonable that Strohwig would know exactly what failed after performing their inspections and repairs. (DE 59-1, Sweeney Report at 8.)
- [I]t is my expert opinion that American Drill Bushing and Strohwig Industries understand what happened to the lifting bracket that killed Mr. Lemaster and are not sharing how the lifting fixture failed. (DE 59-1, Sweeney Report at 9.)

In her response, Plaintiff appears to concede that these statements are not admissible. She agrees that the Court should grant Strohwig's motion "to exclude expert Sweeney's comment about Strohwig understanding what happened to the lifting bracket and not sharing how it failed." (DE 61, Response at 10.) Sweeney is not an expert on what the representatives of either American Drill or Strohwig know about the accident or on the credibility of individuals. Plaintiff does not offer Sweeney as an expert on those topics. Nor does he profess to be such an expert. He is a mechanical engineer. Accordingly, the Court will grant the motion to exclude any testimony from Sweeney that either defendant knows why the lifting bracket fell and is intentionally withholding that information.

6

Strohwig also objects to a statement in which Sweeney seems to indicate that the Strohwig lifting bracket may have caused the swivel hoist ring to fail. Strohwig objects to the language in italics below:

- Therefore, it is my expert opinion that the American Drill Bushing swivel hoist ring was defective, dangerous, and prematurely failed *or was caused to fail prematurely by the Strohwig lifting bracket*. (DE 59-1, Sweeney Report at 9.)

In her response, Plaintiff essentially concedes that this language should be excluded from Sweeney's opinion. When setting forth Sweeney's opinion, Plaintiff quotes the above sentence but she herself omits the italicized portion. (DE 61, Response at 2.) She states that Sweeney mentions the lifting bracket in this sentence only "pending any further evidence from ADB, Strohwig, Orbis or otherwise about it." *Id*. She states that, despite Sweeney's language in the sentence regarding the bracket, "make no mistake, at present the evidence is and Mr. Sweeney's causation opinion is the ADB swivel hoist ring was defective, dangerous, and prematurely failed causing the mold/fixture to fall on Mr. LeMaster." (DE 61, Response at 3.) Finally, she states, "Plaintiff and Sweeney admit that to date there is no evidence that the Strohwig lifting bracket played a role in the failure of the swivel hoist ring." (DE 61, Response at 7.) In other words, Plaintiff concedes that there is no evidence in the record to support Sweeney's statement that the lifting bracket may have caused the swivel hoist ring to fail. Accordingly, the Court will prohibit this testimony.

In its motion to exclude Sweeney, Strohwig also moves the Court to strike Sweeney's report from the record, largely because of the accusations that Strohwig and American Bushing know the cause of the accident and have withheld that information. While Plaintiff does not object, the Court will deny this portion of the motion. Both defendants have filed motions to exclude Sweeney's testimony. Accordingly, a copy of the report must be in the

record for this Court and any reviewing court. For this reason, Federal Rule of Civil Procedure Fed. R. Civ. P 5(d)(1)(A) only prohibits the filing of expert disclosures "until they are used in the proceeding."

### III. Conclusion

For all these reasons, the Court hereby ORDERS as follows:

1) Strohwig's motion for summary judgment (DE 67) is GRANTED in part and DENIED in part as follows:

    a) the motion is GRANTED as to Plaintiff's breach of warranty claim and judgment will be entered in Strohwig's favor on that claim.

    b) The motion is otherwise DENIED.

2) Strohwig's motion to exclude Sweeney's testimony (DE 60) and to strike disclosures is GRANTED in part and DENIED in part as follows:

    a) the motion is GRANTED as to any testimony by Sweeney such as the following that indicates that either defendant knows why the lifting bracket fell and is intentionally withholding that information.

    - Neither American Drill Bushing nor Strohwig have provided any explanations for the failure of the lifting fixture that killed Mr. Lemaster, although I do believe that these manufacturers are fully aware of the cause(s) of the failure and have decided to not share this information. (DE 59-1, Sweeny Report at 1.)
    - It is troubling that [there] was no information made available . . . as to the cause of the failure by Strohwig, American Drill Bushing, and Orbis. . . [I]t would seem reasonable that Strohwig would know exactly what failed after performing their inspection and repairs. (DE 59-1, Sweeney Report at 8.)
    - [I]t is my expert opinion that American Drill Bushing and Strohwig Industries understand what happened to the lifting bracket that killed Mr. Lemaster and are not sharing how the lifting fixture failed. (DE 59-1, Sweeney Report at 9.)

8

b) the motion is GRANTED as to any testimony by Sweeney that the lifting bracket may have caused the swivel hoist ring to fail.

c) the motion is otherwise DENIED.

This 8th day of July 2024

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY